Community College of Delaware County, et al. *v.* Board of Assessment and Garnet Valley School District, Intervenor.

Argued December 7, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS. Judge MANDERINO did not participate.

*D. Barry Gibbons,* with him *Gibbons, Buckley & Smith,* for appellants.

*Peter J. Nolan,* for appellee.

*W. Atlee Davis, III,* with him *Cramp, D'Iorio, McConchie and Surrick,* for intervenor.

OPINION BY JUDGE ROGERS, May 3, 1972:

The Community College of Delaware County and Grand Lodge, Order Sons of Italy, have appealed from an order of the Court of Common Pleas of Delaware County dismissing their appeal from the action of the County Board of Assessment and Revision of Taxes refusing an exemption of property from local taxation.

The Community College conducts a public educational program on property which it leases for a substantial rental from the Grand Lodge. The appellants contend that the property is entitled to be exempted from local taxation under Section 204(g) of The General Assessment Law, Act of May 22, 1933, P. L. 853, Art. II, §204(g), 72 P.S. §5020-204(g), providing exemption for: "(g) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and the enjoyment of the same, but this shall not be construed to include property otherwise taxable which is owned or held by an agency of the Government of the United States."

The appellants concede that they have no appellate authority to support their position and confine their argument to an analysis of the wording of clause (g) both internally and in contrast with words used in other clauses of Section 204. Such analysis, they contend, leads to the conclusion that clause (g) really means

that all property used for a public purpose is entitled to exemption, regardless of its ownership.[1] They thus read out of the subsection, apparently as mere surplusage, the words "other public." The lower court correctly held that the clause provided exemption only for property owned by the public and used for public purposes. Aside from the statutory denial of exemption hereinafter mentioned, it is clear to us that both clause (g) and Article VIII, Section 2 of the Constitution authorizing it, provide exemption only for property publicly owned as well as publicly used. To give the constitution and statute the meaning appellant urges would result in the anomaly of exemption of private property used for public purpose and taxability of public property used for private purposes. *See Reading Municipal Airport Authority v. Schuylkill Valley School District,* 4 Pa. Commonwealth Ct. 300, 286 A. 2d 5 (1972).

There is indeed no appellate court case that we can find which touches upon the issue raised by the appellant. The reason doubtless is that clause (1) of Section 204 explicitly *twice* denies exemption in the circumstances here present. That subsection in its entirety reads as follows: "(1) All property, including buildings and the land reasonably necessary thereto, provided and maintained by public or private charity, and used exclusively for public libraries, museums, art galleries, or concert music halls, and not used for private or corporate profit, so long as the said public use continues: Provided, however, That in the case of concert music halls used partly for exempt purposes and partly for nonexempt purposes, that part measured either

---

[1] We are, of course, aware of the vast amount of property rented by every level of government in this State. While not controlling of a decision here, the effect of holding as appellants urge us would be, for a time at least, calamitous.

in area or in time, whichever is the lesser, which is used for nonexempt purposes, shall be valued, assessed and subject to taxation. *Except as otherwise provided in clause (k)*[2] *of this section, all property real or personal,* other than that which is in actual use and occupation for the purposes specified in this section, and all such property *from which any income or revenue is derived,* other than from recipients of the bounty of the institution or charity, *shall be subject to taxation,* except where exempted by law for State purposes,[3] and *nothing herein contained shall exempt same therefrom. Except as otherwise provided in clause (j)*[4] *of this section, all property, real and personal, in actual use and occupation for the purposes specified in this section shall be subject to taxation, unless the person or persons, associations or corporation, so using and occupying the same, shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely."* (Emphasis supplied.)

The portions of the foregoing to which we have supplied emphasis deny exemption for property from which income is derived, which is the case here, and for property, however used, not owned by the user.

The appellants make the erroneous assertion in their brief that Section 204(1) of the General County Assessment Law, 72 P.S. §5020-204(1) in contrast to earlier statutes on the subject, does not contain the last ex-

---

[2] Clause (k) exempts public libraries ". . . notwithstanding that some portion . . . of the building or lands . . . may be yielding rentals. . . ."

[3] The phrase "except where exempted by law for State purposes" refers to a host of properties such as State game lands, forests, parks, monuments and properties of and bonds issued by State agencies and instrumentalities. It has no relevance here.

[4] Clause (j) exempts playgrounds, including those "leased, possessed and controlled" by school boards and other properly organized associations.

ception of clause (1) to the effect that the user must also be the owner of the land for which exemption is sought. Doubtless this mistaken or incomplete reading of the statute was the occasion for this appeal.

Affirmed.