In the Matter of the Tax Assessment of Real Estate of Greater Erie Economic Development Corporation Bearing Index No. 3005-213 by the County of Erie. Greater Erie Economic Development Corporation, Appellant.

Argued May 7, 1981, before Judges Mencer, MacPhail and Palladino, sitting as a panel of three.

*Robert N. Spaeder, Marsh, Spaeder, Baur, Spaeder & Schaff,* for appellant.

*Ira John Dunn, Dunn & Conner,* for appellee.

Opinion by Judge MacPhail, August 7, 1981:

The Greater Erie Economic Development Corporation (GEEDC) appeals from an order of the Court of Common Pleas of Erie County. The order dismissed GEEDC's appeal from the denial by the Coun-

ty Bureau of Assessment of its application for exemption from county real estate taxation on that portion of its property which is leased by GEEDC to the Greater Erie Community Action Committee (GECAC). The exemption had been requested for 1978 and subsequent years. We affirm.

GEEDC is a Pennsylvania non-profit corporation with its stated charitable purpose:

> To make members of the local community more aware of government funding economic development assistance programs and to render any and all assistance needed to secure such available funds; to encourage and assist the creation of minority business enterprises; to establish a special program of assistance to private local initiated community organizations and related non-profit agencies which are directed to the solution of special and economic problems existing in particular communities or neighborhoods; to provide economic and business development programs for the disadvantaged.

The lower court found that since GEEDC's inception in 1974, it has undertaken the operation, at a loss, of a laundromat and drycleaning facility to train the disadvantaged, a scholarship program for disadvantaged youth, and the purchase of the property in question.

GECAC is also a Pennsylvania non-profit corporation and was formed in 1965 "for the purpose of providing a local organization for the establishment and operation of facilities and services directed toward elimination of poverty or causes of poverty in the Greater Erie Area." Although GECAC was the motivating force behind the formation of GEEDC and some of the original incorporators of GEEDC also served as members of the board of GECAC, the lower court found, and we agree, that the two organizations are clearly separate entities.

GEEDC purchased the property here at issue in 1977 intending to commercially rent a portion of the property and fund additional programs with rental income derived thereby. It is conceded by GEEDC that the portion of the property which was to be rented commercially would not be tax exempt. GEEDC also apparently intended to use a portion of its premises as a business training center, although there is no evidence in the record that the center yet exists. Finally, GEEDC intended to provide space to GECAC in order to allow consolidation of the staff of that organization. In order to provide for GECAC's occupancy of the premises, GEEDC and GECAC executed a twenty-year lease agreement to commence on October 21, 1977. GEEDC contends in the instant case that the portion of its property which is occupied by GECAC is exempt from county real estate taxation pursuant to Section 204(a) of The General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-204(a).

The constitutional foundation for Section 204 of the Law is Article VIII, Section 2(a) of the Pennsylvania Constitution which provides that:

The General Assembly may by law exempt from taxation:

. . . .

(v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

The specific provisions of Section 204 of the Law under which GEEDC claims eligibility for tax exemption state:

(a) The following property shall be exempt from all county . . . tax, to wit:

. . . .

(3) All ... institutions of learning, benevolence, or charity ... with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity: Provided, That the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose;

. . . .

(9) All real property owned by one or more institutions of purely public charity, *used and occupied partly by such owner* or owners and partly by other institutions of purely public charity, and necessary for the occupancy and enjoyment of such institutions so using it; . . . .
(Emphasis added.)

The court below, after a hearing on the matter, concluded that neither of these exemptions applies to the portion of GEEDC's property which is leased to GECAC.

It is a basic premise in cases of this nature that statutory provisions exempting property from taxation must be strictly construed. Furthermore, it is the taxpayer's burden to bring himself within the scope of the exemption statute. *Robert Morris College v. Board of Property Assessment, Appeals and Review,* 5 Pa. Commonwealth Ct. 648, 291 A.2d 567 (1972).

Turning to Section 204(a)(9) of the Law first, we will assume for the purposes of this case, without deciding, that both GEEDC and GECAC are "purely public charities". With this assumption in mind we think it is nevertheless clear that the requested exemption is not allowed by Section 204(a)(9) of the Law. Our reasons for this conclusion are twofold:

first, the owner-charity here does not *"use and occupy"* the premises as required by Section 204(a)(9) and second, Section 204(a)(9) does not countenance the lease agreement between GEEDC, the owner-charity, and GECAC, a non-owner charity.

Despite GEEDC's argument to the contrary, we agree with the court below that "[t]he record here simply fails to establish that the owner of the property, GEEDC, uses *and occupies* any part of the structure." (Emphasis in original.) The only evidence related to *use* of the premises by GEEDC is that its board of directors holds meetings in the building. Those meetings are held, however, in a room which is part of *GECAC's* leasehold. Even assuming that this fact establishes that GEEDC occasionally "uses" the subject premises, there is no evidence that GEEDC in any way "occupies" its premises or that the property is at present "necessary for the occupancy and enjoyment" of GEEDC.

Equally compelling is the fact that GEEDC rents a portion of its property to GECAC at a monthly rate of $5,688.50 or an annual rate of $68,262.00. GEEDC carries a mortgage on its property with annual payments required in the amount of $53,022.36. Taking into account other expenses, such as insurance premiums, it still appears that GEEDC receives an annual surplus of approximately $10,000.00 from the rental. Based on the record before us we must, accordingly, conclude that GEEDC receives a profit from its rental to GECAC. The case of *Young Men's Christian Association v. Reading,* 402 Pa. 592, 167 A.2d 469 (1961) makes it clear that such a rental arrangement renders Section 204(a)(9) inapplicable.

In *Reading* the Y.M.C.A., which operated a dormitory and coffee shop on its premises, also rented office space to other charitable organizations. In ruling on the exempt status of the rented portion of the

Y.M.C.A.'s property, our Supreme Court interpreted the identically worded predecessor to Section 204(a) (9)[1] as follows:

> [Section 204(a)(9)] is silent concerning its applicability when the non-owner charity pays rent to the owner; but, remembering that a statute exempting property from taxation must be strictly construed, we are of the opinion that this subsection was not meant to apply to cases where the owner charity realized a rental income from the leasing of the property. (Footnote omitted.) We are confirmed in our view by a reading of [Section 204(a)(11)][2] wherein the legislature specified that the receipt of rentals by a public library which leases a portion of its property shall not affect its totally tax-exempt status, thus indicating that the legislature knew how to state with precision that the receipt of rentals should not affect tax examption. (Footnote added.)

*Reading,* 402 Pa. at 598-99, 167 A.2d at 472.[3] We must,

---

[1] That which was originally Section 204(i) of the Law was amended by the Act of September 22, 1972, P.L. 868 and is now Section 204(a)(9). The amendment was made without altering the text of Section 204(a)(9).

[2] The predecessor to Section 204(a)(11) was Section 204(k) of the Law. The text has remained unaltered. *See* footnote 1, *supra.*

[3] We concur in the trial court's concern over our decision in *Board of Revision of Taxes of Philadelphia v. United Fund of the Philadelphia Area,* 11 Pa. Commonwealth Ct. 201, 314 A.2d 530 (1973). In *United Fund* we found the portion of United Fund's building which it leased to two other charities to be exempt from taxation under Section 204(a)(9) of the Law. While this result might seem to conflict with the holding in *Reading* any such conflict need not be resolved here because the instant case is clearly distinguishable from *United Fund.* In *United Fund* it was established that no profit from the leases accrued to the owner-charity. Furthermore, the owner-charity in that case used and occupied its premises jointly with its lessees. Since we have concluded that in

therefore, conclude that Section 2504(a)(9) does not apply here and that the rental portion of GEEDC's property is not thereby rendered exempt from taxation.

Thus, if the property in question is to be exempt it must be so under Section 204(a)(3) of the Law. Section 204(a)(3) provides that certain "hospitals, universities, colleges, seminaries, academies, associations, and institutions of . . . charity" and the grounds annexed thereto are tax exempt. The word "institution", although not defined by the Law, has been defined as, "3. something that is instituted: as . . . b.: an established society or corporation: an establishment or foundation especially of a public character . . . c.: *a building or the buildings occupied or used by such organization.*" Webster's Third New International Dictionary 1171 (1966) (emphasis added). We think it is clear that the word "institution" as used in Section 204(a)(3) refers to the *building* devoted to the charitable use. Since we have held that GEEDC does not occupy its property it is clear that the building is not devoted to *GEEDC's* charitable use. We have also found that a portion of the property *is* used and occupied by GECAC, as lessee. This use, however, does not in our opinion render the subject premises an "institution" within the meaning of Section 204(a)(3). Our conclusion is required by Section 204(c) of the Law which states that:

> [A]ll property, real and personal, actually and regularly used and occupied for the purposes specified in this section shall be subject to taxation, unless the . . . *corporation, so using and occupying the same, shall be seized of the legal*

---

the instant case GEEDC received a profit from its lease with GECAC and that GEEDC did not occupy its premises, *United Fund* is obviously not applicable. The possibility of a conflict between *Reading* and *United Fund*, therefore, does not affect the instant case.

*or equitable title in the realty* and possessor of the personal property absolutely. (Emphasis added.)

Since GECAC holds neither equitable nor legal title to the subject premises it is clear that its use and occupancy of the same cannot qualify the property for tax exemption. Thus, the property in question does not qualify as an "institution of charity" eligible for tax exemption under Section 204(a)(3). We, accordingly, need not address the issues which normally arise when considering this provision, to wit, whether the institution is a "purely public charity" which is founded, endowed and maintained by public or private charity. *See, e.g., Four Freedoms House of Philadelphia, Inc. v. Philadelphia,* 443 Pa. 215, 279 A.2d 155 (1971).

Having concluded that GEEDC has failed to meet its burden of proving that it is exempt from county real estate taxation under either Section 204(a)(3) or Section 204(a)(9), we affirm the order of the court below.

ORDER

AND Now, this 7th day of August, 1981, the order of the Court of Common Pleas of Erie County, dated June 27, 1980, is hereby affirmed.