532 A.2d 281

Marwood Rest Home, Inc., Appellant *v.* City of Philadelphia Tax Review Board, Appellee.

Argued September 15, 1987, before Judges CRAIG and MACPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*Leonard Spear,* with him, *Daniel J. Tann, Spear, Wilderman, Sigmond, Borish, Endy and Silverstein,* for appellant.

*Patricia R. Lawler,* Assistant City Solicitor, with her, *Andrew P. Bralow,* Divisional Deputy City Solicitor, *Katherine Huseman* and *Handsel B. Minyard,* City Solicitor, for appellee.

OPINION BY SENIOR JUDGE NARICK, December 30, 1987:

Marwood Rest Home, Inc. (Marwood) has appealed from an order of the Court of Common Pleas of Philadelphia County dismissing its appeal from an adverse determination of the Philadelphia Tax Review Board.

Marwood operates a skilled nursing facility in the City of Philadelphia. The facility houses 87 residents, primarily in semi-private rooms. Contending that those rooms are the principal place of residence for its patients, Marwood sought an exemption from the use and occupancy tax imposed by the City, and a refund of such taxes already paid.

The Philadelphia Tax Review Board determined that the exemption provision did not apply. The trial court, which took no additional evidence, agreed, on the basis of the record established before the Board. We note initially that it is a taxpayer's burden to establish entitlement to an exemption from taxation. *Lehigh Valley Cooperative Farmers v. Bureau of Security Employment, Department of Labor and Industry,* 498 Pa. 521, 447 A.2d 948 (1982). Further, exemption provisions are to be strictly construed. *Pier 30 Associates v. School District of Philadelphia,* 89 Pa. Commonwealth Ct. 505, 493 A.2d 126 (1985). Finally, the question of entitlement to an exemption is a mixed one of fact and law, and

absent any abuse of discretion or lack of supporting evidence, we will affirm the decision of the trial court. *Id.*

The sections of the Philadelphia Code (Code) relevant to this appeal are §19-1806(2), which provides for the imposition of the use and occupancy tax, and §19-1806(3) which exempts certain real estate from that tax. Section 19-1806(2) of the Code provides:

> *Imposition of the Tax.* The Board of Education of The School District of Philadelphia is authorized to impose a tax for general public school purposes on the use or occupancy of real estate . . . for the purpose of carrying on any business, trade, occupation, profession, vocation, or any other commercial or industrial activity. This tax is imposed on the user or occupier of real estate.

The exemption provision reads as follows:

> This authorization shall not include the authority to levy a tax on the use or occupancy of real estate to the extent that the real estate is used or occupied as the dwelling or principal place of residence of the user or occupier or its use or occupancy is subject to tax by the Commonwealth of Pennsylvania under the Tax Act of 1963 for Education.

Code §19-1806(3)(a).

The main problem with which we are confronted is that the phrase "user or occupier" is not defined in the ordinance. Marwood argues that that portion of its real estate which is occupied by its residents as their principal place of residence should not be subject to taxation. It analogizes its situation to that of apartment buildings, which are not subject to the tax. Marwood presented evidence at the Tax Review Board hearing to show that its residents consider the home as their principal place of residence. For example, the home's administrator testified that voter registration drives are conducted at the

home, that some residents receive rent rebate checks from the Commonwealth of Pennsylvania at that address, and that the majority of the residents remain there permanently, the average stay being several years. While it seems apparent that many of Marwood's patients would consider the home as their permanent place of residence, we do not believe that fact to be dispositive of the issue.

When the section of the ordinance imposing the tax is read in conjunction with the section allowing for certain exemptions, we find no error in the trial court's conclusion that the "user or occupier" implicitly refers to the *business* user or occupier. First of all, the tax is levied upon "the use or occupancy of real estate . . . for the purpose of carrying on any business. . . ." Code §19-1806(2). That section specifically provides that the tax is "imposed on the user or occupier of real estate." Obviously, if the user or occupier of the real estate is not engaged in some business or commercial activity, the section does not apply in the first instance. Therefore, the phrase "user or occupier" necessarily implies "business user or occupier."

Because exemption provisions are to be strictly construed, *Lehigh Valley*, we must assume that the language of Code §19-1806(3)(a) relates to the taxing provision which precedes it. Thus, the "user or occupier" who is allowed an exemption under Code §19-1806(3)(a) must, of necessity, be the same user or occupier upon whom §19-1806(2) imposes the tax.

We find apt the City's example of a piano teacher who gives lessons in his home. The teacher is using real estate for the purpose of conducting a business or occupation, and thus becomes subject to the tax imposed by Code §19-1806(2). The exemption provision of Code §19-1806(3)(a) applies, however, for that portion of the real estate that the teacher uses as his dwelling or principal place of residence.

In answering Marwood's argument that its residents should be treated the same as apartment-dwellers, we note initially that there is no evidence in the record that apartment-dwellers fall under the exemption provision of Code §19-1806(3). Logically, unless a business or trade were conducted within the apartment, there would be no reason to subject the apartment dweller to this tax, obviating the need for an exemption.

Of course, Marwood's argument is that its position is analogous to that of the owner of an apartment building, who escapes taxation. Again, there is no evidence in the record that the owner of the building is not taxed *because the exemption provision applies*. Rather, the ordinance appears to assume that the "landlord"[1] would not be subject to the tax in the first place, because Code §19-1806(5)(b) directs a landlord to collect the tax from each user or occupier of his real estate subject to the tax.[2] Further, the Code makes reference to "days of *actual* use or occupancy" in §19-1806(4), which provides the formula for computation of the tax rate. The Use and Occupancy Tax regulations also refer to "actual and physical possession." Section 102 of the regulations, cited in the City's brief, provides: " 'Use' or 'occupancy' are interchangeable words and mean actual and physical possession and use of real estate as opposed to constructive or legal possession." Thus, the tax would apply only to the party in actual physical possession of the prem-

---

[1] "Landlord" is defined in Code §19-1806(1)(b) as: "Any person who grants the right to use or occupy real estate or any part thereof to any lessee, sub-lessee, licensee or concessionarie, whether or not he is the owner of the real estate."

[2] Code §19-1806(5)(b) provides, in pertinent part: "Each landlord or other person authorized to collect rentals on premises, the use or occupancy of which is subject to tax under this Section, shall collect as agent for the School District of Philadelphia, from each user or occupier the proper proportion of the user's or occupier's tax. . . ."

ises, which would not include a landlord who has given up the right to use or occupy his real estate or a portion thereof.

This conclusion is consistent with the legal definitions of the terms "user" and "occupier." "User" is defined in part as: "[t]he actual exercise or enjoyment of any right, property . . . etc." Black's Law Dictionary 1383 (5th ed. 1979). "Occupier" is defined as "[a]n occupant; one who is in the enjoyment of a thing." *Id.* at 974. The definition of "occupant," citing a decision of this Court, is: "Person in possession. Person having possessing rights, who can control what goes on on premises. One who has actual use, possession or control of a thing. Redevelopment Authority of Allegheny County v. Stepanik, 25 Pa. Commonwealth Ct. 180, 360 A.2d 300, 302." *Id.* at 973.

The remaining question is whether Marwood is the actual user or occupier of the real estate for purposes of taxation, since a portion of that real estate is "rented" to its patients. The trial court determined that it was, and there is ample evidence in the record to support that conclusion. It is undisputed that Marwood's charges to its residents include fees for the patient's room, board, and 24-hour care. Marwood, a for-profit corporation, carries on its business activity of providing services to its patients in the rooms of those patients. Marwood employees provide meals and laundry service, change beds, give baths, administer medication, etc. The fee charged is all-inclusive. The patients themselves have limited control over their living quarters. Most of the rooms are semi-private and assignments to the rooms are made by Marwood, which reserves to itself the authority to change room assignments at any time. The totality of these circumstances supports the trial court's conclusion that Marwood is the actual user or occupier of these premises.

Finding no error in the trial court's determination that the exemption provision of §19-1806(3) of the Philadelphia Code does not apply to Marwood, we affirm its order.

ORDER

AND NOW, this 30th day of December, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter, dated July 9, 1986, is affirmed.