**In re Appeal of TOWNSHIP OF MIDDLE-TOWN, FROM the 1988, 1989 TAX ASSESSMENTS (Two Cases).**

**Appeal of TOWNSHIP OF MIDDLETOWN, Appellant.**

**Appeal of ROSE TREE MEDIA SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1994.

Decided Jan. 20, 1995.

Denis M. Dunn, for appellant, Township of Middletown.

Leo A. Hackett, for appellant, Rose Tree Media School Dist.

George A. Pagano, for appellee.

Before SMITH and NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

Township of Middletown (Township) appeals an order of the Court of Common Pleas of Delaware County (trial court) that denied

its appeal from a decision of the Board of Assessment of Delaware County assessing a value of $63,400.00 on a parcel of land owned by the Township. The Township appeals on the basis that the property is not subject to taxation. Rose Tree Media School District (School District) cross-appeals and maintains that the trial court should have assessed the property at a higher value.

In 1986, the Township adopted the goal of preserving open spaces through acquisition of farmland and other undeveloped areas. As part of this plan, it purchased a 157-acre U-shaped tract from Paul and Margaret F. Linvill Associates and Lawrence W. and Esther R. Linvill Associates (the Linvills) on May 1, 1987 for $2,970,000.00. Both before and after the sale, the Linvills have used part of this tract to grow produce. This tract surrounds an improved tract of thirty-three acres on which the Linvills operate Linvill Orchard, a retail business.

The $2,970,000.00 price reflects that the Township did not purchase the 157 acre tract in fee simple. The Linvills transferred it to the Township subject to a life estate plus twenty-one years in certain members of their family. The Linvills retain the right to use this land for agricultural and recreational purposes. The parties agree that in view of the use restrictions, the value of the Linvills' interest is $300,000.00.

In the summer of 1988, the Township established a system of eight-foot wide trails along the perimeter of the property. Members of the public are only permitted on the trails. They may not enter upon the rest of the land, a portion of which has been blocked off by a cattle fence. Furthermore, the trails are closed for periods between May and No-

vember when the Linvills spray their orchards and harvest their produce.

On February 22, 1988, the Board of Assessment of Delaware County changed the assessment on the property from $2,900.00 to $63,400.00 for the year 1988–1989. On December 5, 1988, the Township filed a tax assessment appeal with the trial court, which, following a number of continuances, held hearings on the matter on March 29 and March 30, 1993.[1] On March 4, 1994, the trial court issued its order and opinion denying the Township's appeal. The Township filed an appeal to this court, after which the School District filed a timely cross-appeal. By order dated April 14, 1994, this court consolidated the appeals.

On appeal to this court, the parties raise the following issues: 1) whether a property acquired to preserve open spaces and the agricultural character of a municipality is exempt from taxation; 2) whether a property owned by a municipality for preservation of open spaces loses its tax exempt status when the municipality permits part of the property to be farmed by private citizens; 3) whether the trial court erred in failing to determine the market value of the property; and 4) whether, on remand, the trial court should be ordered to take into consideration the current sale and land use restrictions in determining the market value of the property.[2]

## I. EXEMPTION

The Pennsylvania Constitution, Article VIII, Section 2(a)(iii) provides that the General Assembly may exempt from taxation "[t]hat portion of public property which is actually and regularly used for public purposes." Pursuant thereto, the legislature enacted Section 204 of The General County

1. On January 27, 1992, before the trial court held its hearings, the Township passed Ordinance No. 502 which placed deed restrictions on the subject property and a nearby property. The restrictions require that the properties be preserved for open space, preservation and maintenance of land, water, trees and vegetation as well as passive recreational and educational purposes. The deed restrictions remain in place unless at least seventy percent of the persons voting in a special election vote to change the restrictions. These restrictions are enforceable by Township residents as third party beneficiaries.

2. This court's standard of review in a tax assessment appeal is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence. *Cedarbrook Realty, Inc. v. Cheltenham Township*, 148 Pa.Commonwealth Ct. 310, 611 A.2d 335, *petition for allowance of appeal denied*, 533 Pa. 637, 621 A.2d 582 (1992).

Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–204, which states in relevant part:

> (a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:
>
> . . . . .
>
> (7) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, but this shall not be construed to include property otherwise taxable which is owned or held by an agency of the Government of the United States nor shall this act or any other act be construed to exempt from taxation any privilege, act or transaction conducted upon public property by persons or entities which would be taxable if conducted upon nonpublic property, regardless of the purpose or purposes for which such activity occurs, even if conducted as agent or lessee of any public authority.

72 P.S. § 5020–204.

The Township argues that the property is exempt from taxation because its use is for the public purpose of preserving open space and existing farmland. This use maintains the semi-rural character of the Township by ensuring that the land remain undeveloped. Furthermore, the trails provide recreation for hikers who can enjoy scenic views of orchards, fields and rolling terrain. In *City of New Castle v. Lawrence County,* 353 Pa. 175, 44 A.2d 589 (1945), our Supreme Court recognized that parks are a public use. The Township argues that the parcel in question is like a park and therefore constitutes a public use.

In support of its position, the Township notes that a legislative declaration of the existence of a public purpose entitles it to prima facie acceptance of its correctness, although the ultimate determination is for the courts. *Appeal of Municipal Authority of Borough of West View,* 381 Pa. 416, 113 A.2d 307 (1955). In the instant matter, the voters adopted the Township's determination that the acquisition of the subject property for its current use constitutes a public purpose. The Township points to a special election held on February 10, 1987, in which voters responded favorably to the following question:

> Shall electoral debt in the sum of up to six million dollars for the purchase by the Township of Middletown of land interests, some of which may be subject to life estates, in the present owners and their offspring, of approximately four hundred and twenty-five acres within the Township for public purposes and open space be approved by the electors?

Because the voters approved the determination that the acquisition constituted a public use, the Township argues that it should be accorded great weight by the court.

The School District maintains that to be exempt from taxation, property must be both owned by a municipality and used for a public purpose. *Community College of Delaware County v. Board of Assessment and Revision of Taxes, Delaware County,* 5 Pa.Commonwealth Ct. 487, 290 A.2d 432 (1972); *Reading Municipal Airport Authority v. Schuylkill Valley School District,* 4 Pa.Commonwealth Ct. 300, 286 A.2d 5 (1972). In *Reading,* this court held that property owned by a municipal authority, but used by a private business that restricted access to the public, did not constitute a current public use of the property.

 We agree with the School District and the trial court that the fact that the public can view agricultural uses from a perimeter trail on the subject property is not a sufficient public use to warrant exemption from taxation. In reaching this conclusion we are mindful that statutory provisions exempting property from taxation are strictly construed. *Matter of Tax Assessment of Real Estate of Greater Erie Economic Development Corp.,* 61 Pa.Commonwealth Ct. 144, 433 A.2d 568 (1981). Therefore, we conclude that the trial court did not err in determining that the Township did not meet its burden of proof of establishing exemption from taxation. *See Lehigh Valley Cooperative Farmers v. Bureau of Employment Security, Department of Labor and Industry,* 498 Pa.

521, 447 A.2d 948 (1982).[3]

## II. LIFE ESTATE/FARMING

Pursuant to the agreement between the Township and the Linvills, the Linvills were granted a life estate in the property. The record indicates that this interest is expected to last seventy-three years. During that period, they are permitted to continue to use the tract for farming, just as they did before the Township purchased the property. The Township notes that farming serves the public purpose of maintaining the agricultural character of the area. The Linvills' farming activities have the additional benefit of preventing a portion of the property from becoming overgrown with vegetation. Their presence on the land relieves the Township from some of its maintenance responsibilities and lessens the burden of policing the property.

In *Reading*, this court held that aircraft hangars at an airport that were leased by a municipal authority to an individual who in turn leased space to individuals for aircraft storage did not constitute public use. Similarly, in *Pier 30 Associates v. School District of Philadelphia*, 89 Pa.Commonwealth Ct. 505, 493 A.2d 126 (1985), this court held that publicly owned property leased to a municipal corporation and sublet to a partnership engaged in for profit operation of tennis courts does not constitute a public use. Based on these cases, the School District argues that farming by individuals for private gain does not constitute a public use that renders the land exempt from taxation. Because the Linvills hold a life estate that permits them to use the property for the same agricultural and commercial purposes as they did before they transferred it to the Township, we conclude that the trial court did not err in holding that the land is not exempt from taxation.

## III. DETERMINATION OF MARKET VALUE

Section 518.2 of The General County Assessment Law states in relevant part:

(a) In any appeal of an assessment the court shall make the following determinations:

(1) The market value as of the date such appeal was filed before the county commissioners, acting as a board of revision of taxes, or the board of assessment and revision of taxes. In the event subsequent years have been made part of the appeal, the court shall determine the respective market value for each year.

72 P.S. § 5020–518.2(a)(1).

In the instant case, the trial court dismissed the appeal without determining the market value of the property. Therefore, we remand to the trial court for this determination.

## IV. ISSUES ON REMAND

On appeal to this court, the Township maintains that the property is exempt from taxation. However, the Township takes the position that in the event that we remand to determine market value, we should direct the trial court to consider the restrictions that limit the use of the property. The Township cites *Appeal of Johnstown Associates*, 494 Pa. 433, 431 A.2d 932 (1981), where the Supreme Court held that government imposed restrictions that limit rents and restrict the sale of property should be considered in determining market value. The Township also cites *Appeal of Marple Springfield Center*, 530 Pa. 122, 607 A.2d 708 (1992), where the Supreme Court held that a legally binding rent restriction that was the result of an arm's length transaction had to be considered in determining market value of a property.

However, the School District maintains that there were no restrictions on the Town-

**3.** The Township also argues that its property is immune from taxation. "It is well settled that property owned by the Commonwealth and its agencies is beyond the taxing power of a political subdivision. Thus, absent an explicit statutory grant of authority, property owned by the Commonwealth is immune from taxation." *Delaware* *County Solid Waste Authority v. Berks County Board of Assessment Appeals*, 534 Pa. 81, 83–87, 626 A.2d 528, 530–531 (1993) (citations omitted.) Since the property in question is owned by a municipality rather than the Commonwealth or one of its agencies, the doctrine of immunity is inapplicable.

ship's ability to transfer its interest in the property until January 27, 1992, when it imposed them unilaterally through passage of Ordinance No. 502.[4] Furthermore, citing *Pennypack Woods v. Board of Revision of Taxes,* 163 Pa.Commonwealth Ct. 80, 639 A.2d 1302 (1994), the School District argues that these self-imposed restrictions are not to be considered in determining market value.

■ On remand, when the trial court establishes the market value of the property, it should consider if there were restrictions on the use of the property at the time relevant to this tax appeal. If so, it should determine whether relevant case law requires that the restrictions be considered in determining market value.

For these reasons, we affirm the trial court's decision with respect to its determination that the property is not exempt from taxation, and remand for determination of market value, including consideration of the issue of restrictions that limit the use of the property.

### ORDER

AND NOW, January 20, 1995, we affirm the Court of Common Pleas of Delaware County with respect to the determination that the subject property is not exempt from taxation. We vacate the order insofar as it upholds the tax assessment imposed by the Board of Assessment of Delaware County and remand for determination of market value consistent with the foregoing opinion.

We relinquish jurisdiction.