# Wesleyville Borough v. Erie County Board of Assessment Appeals

*Craig A. Zonna,* for Wesleyville Borough.

*Dan W. Susi,* for Erie County Board of Assessment Appeals.

*Gary Eiben,* for McKean Borough.

LEVIN, *J.,* August 18, 1995—Before the court is an appeal by Wesleyville Borough from the decision of the Erie County Board of Assessment Appeals denying their application for exemption from real estate taxes at 3921 Buffalo Road. Since the property is owned by the municipality and used by the lessee as a facility for a district justice, Wesleyville claims that the property is not taxable.

On April 3, 1995, this court granted leave to the Borough of McKean to intervene in the instant appeal. Intervention was granted since McKean is similarly situated to the appellant and the court's decision would be determinative of the taxable status of the McKean property.[1] Moreover, all parties consented to the intervention.

The parties have stipulated to the relevant facts, which stipulations are attached to this opinion and hereby incorporated by reference. Briefly, both Wesleyville and McKean are municipalities that separately own real estate that is leased to the County of Erie. Wesleyville rents its property to the county for use by a district justice as a courtroom, offices and waiting area. McKean rents a portion of their borough hall for identical use by another district justice, while the remainder of its building is used for municipal offices. Both leases[2] pro-

---

1. McKean has filed an application for tax exemption on the property, but no hearing has yet been held by the board.

2. The written lease between McKean and the County of Erie expired in January 1994, but the lease continues on a month-to-month

vide, in relevant part, that: (1) the taxes shall be paid by the lessor; (2) the lease shall be terminated upon the death, disability or removal of the district justice; and (3) subleasing or assignment is not allowed.

The issue before the court is whether real estate owned by a municipality and leased to the county government, solely for use as a hearing room and offices of a district justice, is subject to local property taxation. Inasmuch as the parties have stipulated to all the relevant facts and the only determination to be made is one of law, the matter is ready for disposition by the court.

Wesleyville and McKean argue that the issue is properly cast as one of tax immunity, not exemption:

"Unlike property owned by a charity wherein the charity has the burden of proving its property is exempt from taxation, property owned by a municipality and devoted exclusively to public purposes is immune from any form of taxation or assessments unless a statute clearly and unequivocally expresses the legislative will that such property shall not be immune: . . . Property belonging to the state and its municipalities, and which is held for governmental purposes, is presumed to be exempt, and is not included in any designation of property to be taxed, however sweeping, unless the statute authorizing the tax expressly so provides." *Southwest Delaware County Municipal Authority v. Aston Township,* 413 Pa. 526, 531-32, 198 A.2d 867, 870-71 (1964). (citations omitted)

Although the municipalities have presented a cogent argument that the board has no authority to tax the municipal property, the court need not reach the issue of whether the property is immune or exempt from

---

basis. A new, written lease is currently being negotiated which incorporates these three terms.

taxation. Even if the burden was on the municipalities to prove entitlement to tax *exemption,* they have met that burden.

Article 8, Section 2 of the Constitution of Pennsylvania provides, in relevant part, that "the General Assembly may by law exempt from taxation . . . (iii) that portion of public property which is actually and regularly used for public purposes." The legislature has codified exemptions for all courthouses and all other public property used for public purposes. 72 P.S. §5020-204(a)(5) & (7).[3] Further, in the General Municipal Law, the legislature has provided that "[a]ll property owned by any county, . . . or other municipality . . . shall not be subject to tax or municipal claims . . . except for [sewer, nuisance and paving claims]." 53 P.S. §7108.

It is a judicial question as to whether the use is public and hence entitled to exemption. *Dornan v. Philadelphia Housing Authority,* 331 Pa. 209, 200 A. 834 (1938); *McSorley v. Fitzgerald,* 359 Pa. 264, 59 A.2d

---

3. Section 5020-204. Exemptions from taxation

"(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: . . .

"(5) All courthouses, jails and poorhouses, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same;

. . .

"(7) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, but this shall not be construed to include property otherwise taxable which is owned or held by an agency of the Government of the United States nor shall this act or any other act be construed to exempt from taxation any privilege, act or transaction conducted upon public property by persons or entities which would be taxable if conducted upon non-public property regardless of the purpose or purposes for which such activity occurs, even if conducted as agent for or lessee of any public authority."

142 (1948). Normally, the burden is on the landowner to establish an entitlement to a tax exemption. *Point Park Junior College v. Board of Property Assessment, Appeals and Review of Allegheny County,* 23 Pa. Commw. 367, 351 A.2d 707 (1976). However, when determining the taxable status of municipally owned property, which is used for public purposes, the burden is shifted to the taxing body.

The board contends that Wesleyville and McKean do not qualify for exemption under 72 P.S. §5020-204. Specifically, the board argues that the properties do not qualify as public property used for public purposes or courthouses. In addition, the board claims that even if the properties so qualify, the municipalities' failure to occupy the premises and receipt of rent renders the property taxable. 72 P.S. §5020-204(b) & (c).

As to the board's first argument that the properties do not qualify as public property used for public purposes, the board has cited case law which suggests that this exception is limited when a lessee is using the public property. In such a case, "the key to exemption is evidence establishing that the lessee's use of the public property is furthering the purpose of the governmental agency from which the lessee rents the property." *Pier 30 Associates v. School District of Philadelphia,* 89 Pa. Commw. 505, 512, 493 A.2d 126, 129 (1985); but see, *Borough of Emporium Assessment,* 42 D.&C.2d 182 (1967).

The board argues that the county's use of the property does not further any public purpose of the municipalities, and thus under *Pier 30,* the property could not qualify for the tax exemption. However, the facts of *Pier 30* are distinguishable. In *Pier 30,* the lessee was a private entity which was dependent on the lessor, a government authority, for its tax exempt status. *Id.* In the instant

case, both the lessor and lessee are governmental bodies. There is no doubt that if the county itself owned and used the property as a hearing room and offices for a district justice, that this would constitute public property used for a public purpose. Hence, the renting of the property from one government entity to another should not change the result where the use is a public one.

In addition, the public purpose in *Pier 30* cannot compare with the one in the instant case. In *Pier 30,* the property was used as public tennis courts. While such facilities provide recreation for citizens, the public purpose in the instant case is mandated in our state constitution. Pennsylvania Constitution Article 5, Section 1. Thus, the important function served by district justices provides further distinction from the facts of the *Pier 30* case.

As additional support for their argument that the public purpose tax exemption is limited to public property used for the public purpose of the *owner,* the board relies on the *Borough of Emporium* case. *Borough of Emporium Assessment, supra.* In *Borough of Emporium,* the court held that the public purpose tax exemption did not apply where the borough leased a portion of its building to the Commonwealth of Pennsylvania for use by the Department of Forests and Waters. Since the *Borough of Emporium* is a common pleas case, it is not binding precedent on this court. As such, this court rejects its analysis and conclusions.

Also, this court notes that the state agency in the *Borough of Emporium* case could have been located anywhere in the state and did not necessarily benefit the borough. In the instant case, the county is required to locate the district justices within the district they service. Although the municipalities are not responsible

for housing the district justices, their citizens are directly benefited by having these halls of justice located within their communities. Accordingly, the court finds that the properties are entitled to tax exemption for they qualify as public property used for public purposes pursuant to section 5020-204(a)(7).

Nevertheless, even if the court assumes that the public purpose exemption is inapplicable, the properties would still qualify for tax exemption as courthouses under 72 P.S. §5020-204(a)(5). The board claims that a district justice's hearing room and offices do not constitute a courthouse, because they do not meet the requirements of 42 Pa.C.S. §3721. However, section 3721 is not intended as a definition of courthouse. Instead, it deals with the county judicial center and what services, facilities and accommodations must be provided there. Furthermore, section 3721 states that the county judicial center may be housed in a county's existing courthouse. Thus, the term courthouse and county judicial center are not synonymous and this section does not foreclose a district justice's facility from consideration as a courthouse.

The word courthouse is defined as:

"The building occupied for the public sessions of a court, with its various offices. The building occupied and appropriated according to law for the holding of courts." Black's Law Dictionary 354 (6th ed. 1990).

*Pillars and wood panelled benches do not a courthouse make. Rather, the true test of a courthouse is whether it is a place where the law and justice are dispensed. In this case, the buildings are such a place.*

The authority of a district justice to implement the law and render justice originates from none other than the Pennsylvania Constitution. Pennsylvania Constitution Article 5, Section 1 & Section 7(a); see also, Act

of April 28, 1978, P.L. 202, no. 53, §3(d) (references to justices of the peace in statutes and other laws are deemed references to district justices). Under the Pennsylvania Constitution, district justices are a vital part of our unified judicial system. Pennsylvania Constitution Article 5, Section 1. This concept of a unified court system, which Pennsylvania has adopted, was referred to and reinforced in the case of *County of Allegheny v. Commonwealth of Pennsylvania,* 517 Pa. 65, 534 A.2d 760 (1987).

Under this system, district justices are subject to the same disciplinary proceedings as common pleas judges and justices of our Superior, Commonwealth and Supreme Courts. Pennsylvania Constitution Article 5, Section 18 (1993). Their hearing rooms and offices are also explicitly authorized under Pa. R.C.P.D.J. 101.[4] Within these rooms, a district justice shall implement the law and seek justice, as must any jurist in our unified judicial system. Pa. R.C.P.D.J. 1 & 4. Therefore, their hearing rooms and adjacent offices, indeed, fall within the definition of courthouse. On these grounds alone, the tax exemption would apply to the properties.

Finally, the board claims that any qualification for tax exemption under section 5020-204(a) would be defeated by the municipalities' failure to meet the additional requirements of subsection (b) and (c). Section 5020-204(b) provides that "[a]ll property . . . other than that which is actually and regularly used and occupied for the purposes specified in this section, and

---

4. Rule 101. Establishment of offices; minimum office standards

. . .

"(2) [A district justice's principal office] shall have a hearing room and such other rooms as may be necessary, and shall be provided with necessary furniture and equipment." Pa. R.C.P.D.J. 101, 42 Pa.C.S.

all such property from which any income or revenue is derived, . . . shall be subject to taxation . . . 72 P.S. §5020-204(b). Under subsection (c), the user and occupier of the real property must also hold legal title to it. 72 P.S. §5020-204(c).

Nonetheless, the appellate courts have held that "the fact that properties of a public body are *leased* to private parties *deriving profit* therefrom instead of being operated by the body will not defeat th[is] exemption if the properties are being used for . . . public purpose[s] . . . ." *Reading Municipal Airport Authority v. Schuylkill Valley School District,* 4 Pa. Commw. 300, 302, 286 A.2d 5, 7 (1972) (emphasis added); *Pittsburgh Public Parking Authority v. Board of Property Assessment, Appeals and Review,* 377 Pa. 274, 105 A.2d 165 (1954). Hence, the leasing of the property and the receipt of rent will not defeat the tax exemption where the public property is used for public purposes.[5]

For the foregoing reasons, the court holds that the properties in question qualify for tax exemption pursuant to 72 P.S. §5020-204.

## ORDER

And now, to-wit, August 18, 1995, it is hereby ordered, adjudged and decreed that the appeal by Wesleyville Borough is sustained. The decision of the Erie County Board of Assessment Appeals dated November 1, 1994, that denied tax exempt status for parcel (27)50-152-1.99, is hereby reversed and the property shall be

---

5. The court notes that the result in the instant case would be different if the lessor was a private entity leasing property to the county for official use by the district justices. In such a case, the receipt of rental profits would defeat the tax exemption pursuant to the provisions in 72 P.S. §5020-204(b).

granted tax exempt status commencing with the 1994 tax year. It is further ordered that the parcel owned by the Borough of McKean and leased to the County of Erie, Tax I.D. no. 32-4-4-9.99 is granted tax exempt status. The tax exempt status of both properties shall continue provided that they are used as hearing rooms and offices of the district justices.

## STIPULATION OF FACTS

(1) The appellant is the Borough of Wesleyville.

(2) The appellee is the Erie County Board of Assessment Appeals.

(3) Wesleyville is the owner of real property located at 3921 Buffalo Road, Erie, Pennsylvania 16510.

(4) The property is leased to the County of Erie under a six year lease agreement for an annual sum of $15,600 per year or $1,300 per month.

(5) As required by the terms of the lease, the County of Erie is using the property as a courtroom, waiting room and district justice office for District Justice Peter Nakoski Jr.

(6) It was agreed between the parties that all taxes, light, heat, utilities, snowplowing and other expenses related to the premises shall be included in the monthly payment made by the lessee, the lessor is completely responsible for such expenses throughout the term of the lease.

(7) The County of Erie can neither sublease the premises nor assign the lease.

(8) The lease may be terminated upon the death, disability or removal from office of District Justice Peter Nakoski Jr.

## STIPULATION OF FACTS BETWEEN THE ERIE COUNTY BOARD OF ASSESSMENT APPEALS AND THE INTERVENOR, THE BOROUGH OF McKEAN

And now, comes the appellee, the Erie County Board of Assessment Appeals, by and through its counsel, Dan W. Susi, Esquire, and the intervenor, the Borough of McKean, by and through its counsel, The McDonald Group, and files this stipulation of facts, upon which the court's decision as to the status of the affected property as taxable or nontaxable is requested:

(1) The intervenor is the Borough of McKean.

(2) The appellee is the Erie County Board of Assessment Appeals.

(3) The property involved is a portion of the borough hall of the Borough of McKean located at 8952 Main Street, McKean, Pennsylvania 16426. This portion of the building has been assigned Tax I.D. no. 32-4-4-9.99.

(4) The building consists of two floors and a basement. In addition, on the same parcel is a garage and storage building.

(5) All of the borough hall building, all of the parcel of land, and all of the garage and storage building are used by the Borough of McKean with the exception of a portion of the first floor of the borough hall building which is leased to the County of Erie for use as a courtroom, waiting room and district justice office for District Justice Ronald Stuck.

(6) Currently, there is no written lease in effect. The most recent written lease expired as of the first Monday of January 1994. The lease continues on a month to month basis. The County of Erie has paid a monthly rental of $850 per month since January 1994. The Bor-

ough of McKean and the County of Erie are in the process of negotiating a new lease.

(7) Under terms of the previous lease, the parties agreed that all taxes, light, heat and utilities and all other expenses would be included in the monthly lease payment and that the lessor was completely responsible for such expenses for the entire term of the lease.

(8) Under terms of the previous lease, the County of Erie could neither sublease the premises nor assign the lease.

(9) Under terms of the previous lease, the lease may be terminated upon the death, disability or removal from office of District Justice Ronald Stuck.

(10) The most recent draft of the lease currently being negotiated between McKean and the County of Erie includes the provision contained in paragraphs 7, 8, and 9.