**PENN–AIRE AVIATION, a/k/a Penn–Aire Aviation, Inc., Appellant,**

v.

**CITY OF OIL CITY BOARD OF TAX REVISION AND APPEALS.**
**(Three Cases.)**

Commonwealth Court of Pennsylvania.

Argued July 16, 1998.

Decided Aug. 7, 1998.

Henry W. Gent, III, Franklin, for appellant.

F. Walter Bloom, III, Oil City, for appellee.

Before COLINS, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether the Court of Common Pleas of Venango County (trial court) erred by modifying the common level ratio in order to account for the differing established predetermined ratios of Oil City and Venango County. Because it did not, the order of the trial court is affirmed.

The relevant facts are as follows. Penn–Aire Aviation, Inc. (Penn–Aire), unsatisfied with the Oil City Board of Revision of Taxes and Appeals' (Board's) assessment of its six properties located in Oil City, appealed the assessments to the trial court. Under the Third Class City Code (Code),[1] appeals of real estate tax assessments are resolved by the trial court in accordance with section 2521 of the Code, 53 P.S. § 37521, subsections (b) and (c), which provide as follows:

(b) In any appeal of an assessment the court shall make the following determinations:

(1) The current market value [of the property.]

(2) The common level ratio.

(c) The court, after determining the current market value of the property for the tax year in question, shall then apply the established predetermined ratio to such value unless the common level ratio varies

---

1. Act of June 3, 1931, P.L. 932, *as amended,* 53 P.S. §§ 35101–39701.

by more than fifteen per centum from the established predetermined ratio, in which case the court shall apply the common level ratio to the current market value of the property for the tax year in question.

The "common level ratio," in turn, is defined in section 2503.1 of the Code, 53 P.S. § 37503.1,[2] as follows: " 'Common level ratio, the ratio of assessed value to current market value used generally in the county as last determined by the State Tax Equalization Board....' "

■ Prior to trial, Penn–Aire and the Board stipulated that the common level ratio for Venango County, as established by the State Tax Equalization Board (STEB), is 22.1%, that the established predetermined ratio for Venango County is 75%, that the established predetermined ratio for Oil City is 100%, and that the common level ratio varies by more than 15% from the established predetermined ratios. Because the common level ratio varies by more than 15%, both parties agreed that it, and not the established predetermined ratio, must be applied by the trial court to the market values of the properties as determined by the trial court. Finally, both parties agree on the market values of Penn–Aire's six properties.

The trial court subsequently rendered an opinion in which it held that, in determining the assessed value of Penn–Aire's property for Oil City tax purposes, the STEB-established common level ratio must be adjusted upward by 33.3% because the established predetermined ratio for Oil City (100%) is 33.3% higher than the established predetermined ratio for Venango County (75%). Penn–Aire has appealed.

■ On appeal,[3] Penn–Aire, citing § 1921(b) of the Statutory Construction Act of 1972,[4] argues that the language of sections 2503.1 and 2521 of the Code, 53 P.S. § 37503.1 and § 37521, is clear and free from ambiguity and plainly states that the court must apply the common level ratio as established by STEB, which is 22.1%. Penn–Aire also argues, in response to the trial court's concerns regarding the uniformity of taxation, that uniformity is not compromised as long as the STEB common level ratio of 22.1% is applied consistently in all assessment appeals.

The Board argues that application of the 22.1% STEB common level ratio, without adjustment, for purposes of Oil City assessments would result in unequal taxation between those who appeal their assessments and those who do not, and that all taxes must be applied with uniformity and equality upon similar kinds of property so that the tax burden falls equally on all. *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A.2d 480 (1952).

The crux of the Board's argument and the trial court's opinion, with which we agree, is as follows. Property in Oil City is initially assessed in the following way, prior to any appeal to the trial court: The market value of the property is multiplied by the established predetermined ratio for Venango County of 75% to arrive at the assessment for Venango County tax purposes, and the market value is multiplied by the established predetermined ratio for Oil City of 100% to arrive at the assessment for Oil City tax purposes. If the taxpayer appeals the Oil City assessment to the court, the court is required to first determine the market value of the property and then multiply by the established predetermined ratio for Oil City (100%), unless the established predetermined ratio varies by more than 15% from the common level ratio, which it does. Thus, the trial court on appeal is required to determine the market value of the taxpayer's property and multiply by the common level ratio to arrive at the revised assessment.

For a non-appealing taxpayer owning property in Oil City, the market value of the property is multiplied by 75% to arrive at the

2. This section was added by the Act of December 13, 1982, P.L. 1192.

3. Our review of a tax assessment appeal is limited to determining whether the trial court abused its discretion or committed an error of law and whether the trial court's decision is supported by substantial evidence. *Appeal of Township of Middletown,* 654 A.2d 195, 196 n. 2 (Pa. Cmwlth.), *appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995).

4. 1 Pa.C.S. §§ 1501–1991.

Venango County assessment and by 100% to arrive at the Oil City assessment. 100% is 33.3% greater than 75%. For the taxpayer owning property in Oil City who appeals the Venango County assessment, the market value of the property (as determined by the trial court) is multiplied by 22.1%, which is the STEB-established common level ratio for Venango County, to arrive at the Venango County assessment. However, if the taxpayer appeals the Oil City assessment, the 22.1% STEB common level ratio that was established for Venango County must be adjusted upward by 33.3% in order to maintain uniformity of taxation between the non-appealing and the appealing taxpayer. The revised common level ratio thus is 29.5%, which is the percentage by which the trial court properly multiplied the market value of Penn–Aire's property in order to arrive at the assessment for Oil City tax purposes.

Accordingly, the order of the Court of Common Pleas of Venango County is affirmed.

### ORDER

AND NOW, this 7th day of August, 1998, the order of the Court of Common Pleas of Venango County in the above-captioned matter is affirmed.

PELLEGRINI, J., concurs in the result only.